## Case No. 13,293.

### In re STANSELL.

[6 N. B. R. 183.] [1]

Circuit Court, W. D. Michigan. 1872.

BANKRUPTCY—PETITION BY SECURED CREDITOR.

A debt wholly or in part secured, either by levy under an execution, by pledge of personal property or mortgage upon real estate, will sustain a petition for an adjudication of bankruptcy. The better practice is, when the debt is fully secured, to waive the security in the petition, but this is not necessary to its support.

[Cited in Phelps v. Sellick, Case No. 11,079; Re McConnell, Id. 8,712; Re California Pac. R. Co., Id. 2,315; Re Broich, Id. 1,921; Re Crossette, Id. 3,435.]

[Cited in Paddock v. Stout, 121 Ill. 574, 13 N. E. 182.]

[Appeal from the district court of the United States for the Western district of Michigan.

[In bankruptcy.]

Mr. Atwell, for creditors.
Mr. Ballard, for debtor.

EMMONS, Circuit Judge. The only question which arises on this appeal is, can one whose debt is fully secured become a petitioning creditor for an adjudication in bankruptcy? The petition was dismissed in the district court upon the ground that he could not. The creditor had obtained judgment for his debt and levied upon property so much encumbered that no bids could be procured. It is found that its value, beyond the encumbrances, exceed the amount of the judgment. The creditor, however, disagreed in opinion with the witnesses, and, waiving his security by an amendment of the petition, asks to be permitted to stand as favorably in court as if he had no judgment and

---

1 [Reprinted by permission.]

levy. The particulars of the practice need not be mentioned, as these facts sufficiently present the point for judgment.

The reason why a secured creditor cannot petition, is said to be that his debt is not within the meaning of section thirty-nine "provable under the act" [of 1867 (14 Stat. 517)]. The last clause of section twenty-two, it is said, prohibits the proof in whole or in part of secured claims. The learning and accuracy of the judge from whose judgment this appeal is taken, has caused me to go carefully over all the accessible judgments in reference to this question, and to review opinions I have before formed and expressed in regard to the sections involved. They have been so repeatedly analysed in printed judgments, it is deemed unnecessary to reproduce them here. I concur fully in the interpretation which reads section twenty and the forms twenty-one and twenty-five as requiring all creditors, secured and unsecured alike to prove their claims, and which construes the last clause of section twenty-two, prohibiting the proof of any part of a secured claim, to mean only that the creditor shall not be admitted to share in the assets except for the just balance beyond his security.

I should, however, deem the concurring judicial construction of the statute sufficient to constrain acquiescence in it if I did not wholly concur with its principle. In this circuit I think it has been uniform, with the exception of the judgments of the learned judge who decided this case. The following citations being part only of a still greater number, authorise a decision here on the ground that so many rulings ought to put the question at rest. An intelligent outline of the practice in proving this class of claims, and the argument which sustains it, is found in the opinion of Register Hesseltine, in Re Bridgman [Case No. 1,867], approved by Erskine, J. It rules the point directly raised upon an application to make proof by a secured creditor. In re Ruehle [Id. 12,113] decides the same question, and holds expressly the security need not be released before proof. In Markson v. Heany [Id. 9,098], Dillon, J., arguing a question of jurisdiction over the mortgage property of a bankrupt in another state, says: "The debt of the mortgagee is provable, and such proof does not waive his lien." In order to prevent the latter consequence, of course the lien should be stated, and this is implied in the opinion of Benedict, J., in Re Bigelow [Id. 1,396], which has been the leading one on this subject. A corporation held stocks in pledge for a debt, and applied to have them sold that it might prove for a balance. He held that it must first prove its claim. He considers the apparently conflicting provisions of the law, and says the last clause of section twenty-two does not prohibit the proof of the claim before the register, but only the admission ultimately of the creditor to share in the assets beyond what is justly due. Lowell, J., in Re Alexander [Id. 161], has also had the question before him. The only point was whether a secured creditor might petition for a balance of over two hundred and fifty dollars, and as his reasoning in holding that he could, seemingly tended to exclude one wholly secured, he added that he did not wish to be understood as saying that such a creditor could not sustain a petition if he offered to waive his security. That where the lien was created by attachment, levy or otherwise by operation of law, the mere proof of the debt, without mentioning it, would be a sufficient waiver; but that when it existed by contract, as in the case before him, it ought to be expressly waived. That a secured creditor could sustain a petition is fully said in the judgment in Rankin v. Florida, A. & G. C. R. Co. [Id. 11,567]. In that case the petitioning creditor held secured bonds. There was no offer, as in the case before us, to waive the security. Frazer, J., sustained the proceeding. He said that a claim which might in any mode be proved, when the necessary steps had been taken to authorize it, was one provable under section thirty-nine. See, also, In re Winn [Id. 17,876]. In Re Bloss [Id. 1,562], Longyear, J., made a similar ruling, holding, first, that a secured debt, like an unsecured one, would authorise a petition, and second, that when the lien, as in this case, was created by levy, an original petition for adjudication will per se waive it as fully as an unconditional proof of the debt before the register. In re Snedaker, 3 N. B. R. 155, the supreme court of Utah, in a judgment of more than ordinary elaborateness in this class of cases, held that the secured creditor who was proceeding to foreclose his mortgage in another territorial court, must come in and prove his claim or abandon his rights. It is said that the statute and forms twenty-one and twenty-five so demand. Bump, Law & Prac. Bankr. (4th Ed.) 54, after citing the cases In re Bloss and Rankin v. Florida, A. & G. C. R. Co. [supra], to the point that a secured creditor may petition, subsequently adds, that if the debt is wholly secured, or is contingent, it is insufficient; and cites Sigsby v. Willis [Case No. 12,849], decided by Hall, J., and Avery v. Johann [Id. 675], by Miller, J. The first concerns a contingent debt only. The other did dismiss a petition which was in fact secured, not because it was so; but on the ground that in the peculiar circumstances of that case the remedy was ample at law. We should, with Bigelow, J., in Re Alexander, disclaim authority to reject a petition on any such ground. This, however, is immaterial here. Neither case in the slightest degree sustains Bump's intimation that a fully secured debt will not sustain a petition.

I find but one counter judgment, and that is In re High [Id. 6,473], by the learned judge who decided this cause in the district court. That was an application by bill to have mort-

gaged property sold that the complainant might prove for a balance. This case is like In re Bigelow [Id. 1,396], in which a contrary ruling is made. In re High [supra], the bill was sustained upon the ground that the complainant had no remedy by proof before the register for a secured claim. While the difference between these judgments results only in varying modes of doing precisely the same thing. there is in it less of practical importance. The one demands a new suit by bill and answer, with separate references to examining masters for testimony by which the secured creditor's claim is proved, and by the court adjudicated without release, agreement with the assignee, or sale of the security. It is like the proof before the register, all preparatory to those things. The other, through the instrumentality of the register and the forms pointed out by the statute, and the orders of the supreme court, performs identically the same judicial functions resulting in a like order or decree. It is a mere matter of practice. I do not understand the decisions which hold that a bill like that sustained in Re High & Hubbard should be dismissed, go upon any jurisdictional reasons which deny the power of proceeding in that mode; but as saying only that as the statute and forms clearly contemplate the proof before the register of secured as well as unsecured claims, and as this is the more simple and expeditious form, they reject the most expensive and circuitous proceedings by an original bill. But when this difference leads to a denial of substantial right, and excludes every secured creditor in the nation from the protection and benefits of this statute, while at the same time they are subjected to its power and their claims cut off by the discharge, it arises in importance second to no other single question I have had occasion to consider under it.

The exigencies of our commerce and business, it seems to me. demand a different reading, or an early amendment of the law. There are hundreds of millions of secured railroad and other corporate bonds afloat in the country. In many localities the great bulk of our bankers and brokers make loans in the aggregate of vast sums upon government bonds and stocks, and upon bills of lading and warehouse receipts as collaterals. The greater share of the more permanent debt of the whole country is secured by mortgage. To exclude this great mass of claims from the power of launching, and the protections and benefits of the proceeding, is so manifestly without the intention of the law, that we should go confidently forward to that limit where construction ends and interpolation and erasure commence in pursuit of a different meaning. We had occasion, in Linn v. Smith [Case No. 8,375], to show how universally this class of laws, both in England and here, had associated the right of petitioning for an adjudication with a subjection of the debt to discharge by a decree. To enforce the one and deny the other would be as impolitic and unjust as it would be anomalous.

Irrespective of these views I should sustain this petition upon the doctrines ruled by Longyear, J., in Re Bloss [Id. 1,562], and the case of Stewart v. Isidor [5 Abb. Pr. (N. S.) 68], cited and approved by him. Barrett, J., of the supreme court of New York, goes carefully over the English and American cases, and holds that proof of the debt in bankruptcy, without mentioning the security, is a waiver of the lien. See, also, In re Brand [Case No. 1,809], and Wallace v. Conrad [3 Brewst. 329], where the doctrine of implied waiver by proof in bankruptcy of the secured debt without stating the lien, is stringently applied.

Here there was an express waiver in the petition. This I think the better practice, when it is conceded that the security exceeds the debt, but by no means necessary upon principle to the support of the petition. Certainly it should not be required where it is inadequate. It would compel a release where the statute expressly authorises its retention.

Decree below reversed and adjudication ordered.